IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 20-10082-1-EFM

JOSE F. LUNA,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jose F. Luna's Motion for Sentence Reduction (Doc. 111). He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Federal Sentencing Guidelines. For the reasons stated below, the Court denies Defendant's motion.

On September 3, 2021, Defendant waived prosecution by indictment. He pleaded guilty to one count of the Superseding Information, aiding and abetting the travel in interstate commerce in aid of racketeering, in violation of 18 U.S.C. 1952(a)(3). On February 8, 2022, Defendant was sentenced to 60 months' imprisonment. On November 30, 2023, Defendant submitted this motion seeking a reduction in his sentence. The government opposes the motion.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows for a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Defendant requests that his sentence be reduced due to Amendment 821 to the United States Sentencing Guidelines. Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and Part B of Amendment 821 creates a new guideline, § 4C.1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

In this case, Defendant's Pre-Sentence Investigation Report indicates that he received one criminal history point. Defendant was not assigned additional status points because he was not under a criminal justice sentence when he was sentenced. Thus, Part A is not applicable to him.

In addition, Defendant is not a zero-point offender. As noted above, he received one criminal history point. Furthermore, § 4C1.1(a)(7) only allows for an adjustment if "the defendant did not possess . . . a firearm or other dangerous weapon . . . in connection with the offense." Here,

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* http://ussc.gov/guidelines/amendment/821 (last visited March 12, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

Defendant received a two-point enhancement for possessing a firearm in connection with the offense. Thus, Part B is inapplicable, and Defendant is not eligible for a sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc.111) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE